TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
VARUN BEHL (Cal. Bar No. 295509)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0687/0304
    Facsimile: (213) 894-0141
    E-mail:    varun.behl@usdoj.gov
            juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00748-RGK |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOHN ORTIZ |
| v. | |
| JOHN ORTIZ, aka "Johnny Joe Ortiz" and "John Joe Ortiz," | |
| Defendant. | |

    1.    This constitutes the plea agreement between JOHN ORTIZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<div align="center">DEFENDANT'S OBLIGATIONS</div>

    2.    Defendant agrees to:

        a.    At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to the single-count indictment in <u>United States v. John Ortiz</u>, CR No. 19-00748-RGK, which charges defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3. Defendant further agrees:

       a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following firearm and ammunition seized by law enforcement on October 23, 2019:

           i.   A David Industries, model P-380, .380 automatic

1    caliber pistol, bearing serial number AP213115; and

2                    ii.   One round of Winchester .380 automatic caliber

3    ammunition (collectively, the "Forfeitable Assets").

4            b.    To the Court's entry of an order of forfeiture at or

5    before sentencing with respect to the Forfeitable Assets and to the

6    forfeiture of the assets.

7            c.    To take whatever steps are necessary to pass to the

8    United States clear title to the Forfeitable Assets, including,

9    without limitation, the execution of a consent decree of forfeiture

10   and the completing of any other legal documents required for the

11   transfer of title to the United States.

12           d.    Not to contest any administrative forfeiture

13   proceedings or civil judicial proceedings commenced against the

14   Forfeitable Assets.  If defendant submitted a claim and/or petition

15   for remission for all or part of the Forfeitable Assets on behalf of

16   himself or any other individual or entity, defendant shall and hereby

17   does withdraw any such claims or petitions, and further agrees to

18   waive any right he may have to seek remission or mitigation of the

19   forfeiture of the Forfeitable Assets.

20           e.    Not to assist any other individual in any effort

21   falsely to contest the forfeiture of the Forfeitable Assets.

22           f.    Not to claim that reasonable cause to seize the

23   Forfeitable Assets was lacking.

24           g.    To prevent the transfer, sale, destruction, or loss of

25   any and all assets described above to the extent defendant has the

26   ability to do so.

27           h.    To fill out and deliver to the USAO a completed

28   financial statement listing defendant's assets on a form provided by

the USAO.

i.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction

4

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1. The government will not recommend or move for an additional one-level reduction under U.S.S.G. § 3E1.1.

d. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 14 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in the indictment, that is, being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), the following must be true: (1) defendant knowingly possessed a firearm and ammunition; (2) the firearm and ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the firearm or ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the firearm or ammunition, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: 10 years' imprisonment; a three-year

period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable

and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<center>FACTUAL BASIS</center>

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about October 23, 2019, in Los Angeles County, within the Central District of California, defendant knowingly possessed a firearm and ammunition, namely:

a.   a stolen David Industries, model P-380, .380 automatic caliber pistol, bearing serial number AP213115; and

<center>7</center>

1          b.   three rounds of .380 automatic caliber ammunition.

2      Specifically, on October 23, 2019, defendant reported to the El

3  Monte Parole Office in El Monte, California for failing to comply

4  with the conditions of his parole.  Parole officers patted down

5  defendant and found in his right shoe a stolen David Industries,

6  model P-380, .380 automatic caliber pistol loaded with three rounds

7  of .380 automatic caliber ammunition.

8      The firearm and ammunition that defendant knowingly possessed

9  were manufactured in California, but had, prior to October 23, 2019,

10 been shipped or transported from one state to another.

11     Prior to defendant's knowing possession of the firearm and

12 ammunition on October 23, 2019, defendant had been convicted of the

13 following felonies, each punishable by a term of imprisonment

14 exceeding one year, namely:

15     a.   Carjacking, in violation of California Penal Code Section

16 215(a), with the use of a firearm in the commission of the

17 carjacking, in the Superior Court of the State of California, County

18 of Los Angeles, Case Number BA281836, on or about March 15, 2006; and

19     b.   Second-degree robbery, in violation of California Penal

20 Code Section 211, in the Superior Court of the State of California,

21 County of Los Angeles, Case Number BA103339, on or about February 14,

22 1995.

23     At the time of his knowing possession of the firearm and

24 ammunition on October 23, 2019, defendant knew that he had been

25 convicted of these crimes, each punishable by imprisonment for a term

26 exceeding one year.

27                        SENTENCING FACTORS

28     11.  Defendant understands that in determining defendant's

                                8

sentence the Court is required to calculate the applicable Sentencing

Guidelines range and to consider that range, possible departures

under the Sentencing Guidelines, and the other sentencing factors set

forth in 18 U.S.C. § 3553(a).  Defendant understands that the

Sentencing Guidelines are advisory only, that defendant cannot have

any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of

conviction.

     12.  Defendant and the USAO agree to the following applicable

Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 14 | U.S.S.G. § 2K2.1(a)(6)(A) |
| Specific Offense Characteristic: Stolen Firearm | +2 | U.S.S.G. § 2K2.1(b)(4) |

Defendant and the USAO reserve the right to argue that additional

specific offense characteristics, adjustments, and departures under

the Sentencing Guidelines are appropriate.  The base offense level

set forth above is based on information currently known to the

government regarding defendant's criminal history.  Defendant

understands and agrees that defendant's base offense level could be

increased if defendant is a career offender under U.S.S.G. §§ 4B1.1

and 4B1.2 or an armed career criminal under U.S.S.G. §§ 4B1.4 and 18

U.S.C. § 924(e), or if defendant has additional prior conviction(s)

for either a crime of violence or a controlled substance offense

under U.S.S.G. § 2K2.1.  If defendant's base offense level is so

altered, defendant and the USAO will not be bound by the base offense

level agreed to above.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

17.  Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 14 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing

conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 14 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations

12

1  will be tolled between the date of defendant's signing of this
2  agreement and the filing commencing any such action; and
3  (ii) defendant waives and gives up all defenses based on the statute
4  of limitations, any claim of pre-indictment delay, or any speedy
5  trial claim with respect to any such action, except to the extent
6  that such defenses existed as of the date of defendant's signing this
7  agreement.

8                    EFFECTIVE DATE OF AGREEMENT
9       21.  This agreement is effective upon signature and execution of
10  all required certifications by defendant, defendant's counsel, and an
11  Assistant United States Attorney.

12                    BREACH OF AGREEMENT
13       22.  Defendant agrees that if defendant, at any time after the
14  signature of this agreement and execution of all required
15  certifications by defendant, defendant's counsel, and an Assistant
16  United States Attorney, knowingly violates or fails to perform any of
17  defendant's obligations under this agreement ("a breach"), the USAO
18  may declare this agreement breached.  All of defendant's obligations
19  are material, a single breach of this agreement is sufficient for the
20  USAO to declare a breach, and defendant shall not be deemed to have
21  cured a breach without the express agreement of the USAO in writing.
22  If the USAO declares this agreement breached, and the Court finds
23  such a breach to have occurred, then: (a) if defendant has previously
24  entered a guilty plea pursuant to this agreement, defendant will not
25  be able to withdraw the guilty plea, and (b) the USAO will be
26  relieved of all its obligations under this agreement.

27
28

1    COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2          OFFICE NOT PARTIES

3   23. Defendant understands that the Court and the United States

4 Probation and Pretrial Services Office are not parties to this

5 agreement and need not accept any of the USAO's sentencing

6 recommendations or the parties' agreements to facts or sentencing

7 factors.

8   24. Defendant understands that both defendant and the USAO are

9 free to: (a) supplement the facts by supplying relevant information

10 to the United States Probation and Pretrial Services Office and the

11 Court, (b) correct any and all factual misstatements relating to the

12 Court's Sentencing Guidelines calculations and determination of

13 sentence, and (c) argue on appeal and collateral review that the

14 Court's Sentencing Guidelines calculations and the sentence it

15 chooses to impose are not error, although each party agrees to

16 maintain its view that the calculations in paragraph 12 are

17 consistent with the facts of this case.  While this paragraph permits

18 both the USAO and defendant to submit full and complete factual

19 information to the United States Probation and Pretrial Services

20 Office and the Court, even if that factual information may be viewed

21 as inconsistent with the facts agreed to in this agreement, this

22 paragraph does not affect defendant's and the USAO's obligations not

23 to contest the facts agreed to in this agreement.

24   25. Defendant understands that even if the Court ignores any

25 sentencing recommendation, finds facts or reaches conclusions

26 different from those agreed to, and/or imposes any sentence up to the

27 maximum established by statute, defendant cannot, for that reason,

28 withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<div align="center">NO ADDITIONAL AGREEMENTS</div>

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1          <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2          27.  The parties agree that this agreement will be considered

3     part of the record of defendant's guilty plea hearing as if the

4     entire agreement had been read into the record of the proceeding.

5     AGREED AND ACCEPTED

6     UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF
7     CALIFORNIA

8     TRACY L. WILKISON
      Acting United States Attorney

9

10    _____          July 4, 2021
      VARUN BEHL                            Date
11    JUAN M. RODRIGUEZ
      Assistant United States Attorneys
12
                                            7. 4. 21
13    _____          Date
      JOHN ORTIZ
14    Defendant
                                            7/4/21
15    _____          Date
      CHARLES SNYDER
16    DAVID SUTTON
      Deputy Federal Public Defenders
17    Attorney for Defendant JOHN ORTIZ

18

19

20

21

22

23

24

25

26

27

28

                                16

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

JOHN ORTIZ                                    7.4.21
Defendant                                     Date

17

1                    CERTIFICATION OF DEFENDANT'S ATTORNEY

2         I am JOHN ORTIZ's attorney.  I have carefully and thoroughly

3    discussed every part of this agreement with my client.  Further, I

4    have fully advised my client of his rights, of possible pretrial

5    motions that might be filed, of possible defenses that might be

6    asserted either prior to or at trial, of the sentencing factors set

7    forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   a guilty plea pursuant to this agreement.

16

17   CHARLES SNYDER                       Date 7/4/21
     DAVID SUTTON
18   Deputy Federal Public Defenders

19   Attorneys for Defendant
     JOHN ORTIZ
20

21

22

23

24

25

26

27

28